## Lower Merion Township v. Hobson, Jr., et ux.

*Wright, Mauck, Hawes & Spencer*, for plaintiff.

*R. J. Brownback*, for defendants.

FORREST, J., May 29, 1952.—Plaintiff, the Township of Lower Merion, has filed a bill in equity against Abraham A. Hobson, Jr., and Helen H. Hobson, his wife, seeking to restrain defendants from using the premises 27 South Bryn Mawr Avenue, Bryn Mawr, "either principally or exclusively as a place to practice the profession of dentistry," as a violation of the zoning ordinance of Lower Merion. Defendants filed an answer and new matter, alleging that the practice of dentistry was an accessory use of the premises and that the principal use of the premises, by defendants, was as their residence, a contention which, if sustained, would make the practice of dentistry therein permissible under the zoning ordinance; and, further, that the use is a "non-conforming use" which would also ren-

der it legal under the zoning ordinance. Plaintiff then filed this petition for discovery under Pennslyvania Rules of Civil Procedure 4005 et seq., asking the following interrogatories:

"1. What are the names and whereabouts of persons who know of the manner in which the premises in question has been used in the past?

"2. As nearly as can be remembered or ascertained from appointment books or other data, how often and on what days did Dr. Abraham A. Hobson spend the night on the premises for the period from September 1, 1951, to the date of answering this question?

"3. How often during the aforesaid period did Helen H. Hobson and/or any child or children of Abraham A. Hobson spend the night on the premises?

"4. During said period what other time, if any, and when, did Helen H. Hobson and/or any child or children of Abraham A. Hobson spend on the premises and what activities were engaged in by them during such time?"

Defendants answered, denying the right of plaintiff to the prayer of its petition.

The first of seven paragraphs of the answer is as follows:

"1. Rule 4007(*a*) of Pa. R. C. P. Rules permits *only* 'the discovery of the identity and whereabouts of witnesses' and not that of 'persons' as requested in interrogatory no. 1."

The third paragraph complains that "if defendants are required before trial to disclose the names and whereabouts of such persons, the said persons may be influenced by agents of plaintiff, a municipality, or harassed and oppressed by such agent or employe". The rest of the paragraphs deny that the answering of the interrogatories will aid plaintiff in preparing its case.

Pa. R. C. P. 4005, 4007 and 4011, set forth the rights and duties of the parties in the case of such a petition for discovery, and the limitations upon such rights and duties, stating as follows:

"Rule 4005. Discovery. Written interrogatories to adverse party. Subject to the limitations provided by Rule 4011, the court on petition of any party may allow the serving of written interrogatories approved by the court to be answered by an adverse party to discover facts, including the existence and location of tangible things. . . .

"Rule 4007. Discovery. Depositions.

"(a) The court on petition of any party may allow the discovery of the identity and whereabouts of witnesses.

"(b) Subject to the limitations provided by Rule 4011, the court on petition of any party may allow the taking of depositions orally or by written interrogatories approved by the court of any party or person to discover facts, including the existence and location of tangible things. . . .

"Rule 4011. Limitation of scope of discovery and inspection. No discovery or inspection shall be permitted which

"(a) is sought in bad faith;

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which

"(1) are not relevant and material to the subject matter of the pending action;

"(2) are not competent or admissible as evidence;

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

"(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner;

"(d) relates to matter which is priviliged or would require the disclosure of any secret process, development or research;

"(e) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; or

"(f) would require the making of an unreasonable investigation by the deponent or any party or witness."

Among possibly many purposes, certainly these rules will serve the purpose of acquainting both sides with the pertinent facts of the case, so that it may be properly prepared for trial or hearing; and, so that the party who requests the information may determine whether to proceed with the case, in view of the ascertained facts. It would seem that the instant case is a striking example of the need of these rules. Here defendants set up two affirmative defenses, that of (1) an accessory use, and (2) a non-conforming use. Certainly, under those circumstances, the information is peculiarly within the knowledge of defendants insofar as the identity of the witnesses is concerned, as well as the import of their testimony.

It is to be noted that rule 4007 allows the discovery of the identity and whereabouts of "witnesses", whereas plaintiff requests the names and whereabouts of "persons". This is the basis for defendants' first objection. Certainly plaintiff is restricted to requesting knowledge as to the identity and whereabouts of "witnesses" and we will interpret the request in this manner.

It is further noted that the limitations are set up in rule 4011. A reading of the interrogatories and the specific restrictions set up in this rule lead to the definite conclusion that they are not violative.

In light of the foregoing, defendants should furnish the plaintiff with the identity and whereabouts of witnesses to the issues and since interrogatories 2, 3 and 4 are pertinent to the issues involved, they also should be answered.

And now, May 29, 1952, defendants are ordered to file a verified answer to the written interrogatories within 20 days from the receipt of a copy of this order, provided that, in regard to the first interrogatory, it should be answered as though it read "What are the names and whereabouts of 'witnesses' who know the manner in which the premises in question have been used in the past?"